James DeMASI, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 72 Civ. 3864.

United States District Court,
S. D. New York.

Oct. 16, 1972.

———◆———

Lanna, Coppola & Rosato by Vincent J. Lanna, Yonkers, for petitioner.

Whitney North Seymour, Jr., U. S. Atty., by James Schreiber, New York City, of counsel, for respondent.

GURFEIN, District Judge.

This is a motion under 28 U.S.C. § 2255 for an order vacating the sentence heretofore imposed on the petitioner by this Court on December 1, 1970 (67 Cr. 208). The petitioner is presently serving a sentence of ten years imposed for violation of 18 U.S.C. § 1951—interference with commerce by threats or violence. His claim is that he is detained in violation of the Sixth and Fourteenth Amendments.

The constitutional ground alleged is that the petitioner was denied a speedy trial contrary to his constitutional right. He was indicted on March 23, 1967. Prior to trial he had made a motion in March 1970 before Judge Croake to dismiss the indictment for lack of prosecution. The motion to dismiss the indictment was denied. DeMasi was convicted by a jury on October 29, 1970 and Judge Murphy sentenced him on December 1, 1970.

The judgment of conviction was appealed. It was affirmed by the Court of Appeals, United States v. DeMasi, 445 F.2d 251 (2 Cir., 1971). A particular issue raised on appeal was the alleged unconstitutional deprivation of the petitioner's right to a speedy trial.* Ordinarily, the affirmance on the very constitutional point would prohibit further inquiry in a proceeding under 28 U.S.C. § 2255.

In this case, however, there has intervened between the affirmance by the Court of Appeals and the bringing of this motion, the recent decision by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). There in an exhaustive review of the constitutional elements of speedy trial Mr. Justice Powell noted the petitioner's case above mentioned (United States v. DeMasi, 445 F.2d 251) as a case "in which a failure to demand [a trial] [was] strictly construed as a waiver." 92 S.Ct. 2182 at 2189 n. 23.

The petitioner contends that his conviction was affirmed on the basis of a

---

* The appellant's brief argued: "Point One—The Defendant-Appellant was denied a speedy trial in violation of Rule 48(b) F.R.Cr.P. and the Sixth Amendment in view of the fact that the indictment was returned on March 23, 1967 and related to incidents which occurred in the middle of 1963. The case itself was not tried until October 26, 1970, despite the fact that a motion to dismiss the indictment for lack of prosecution had been made and denied six months earlier."

decision that he had waived his right to a speedy trial by failing to make a demand, and that this is now a "tainted doctrine."

An examination of Judge Waterman's opinion fails to disclose that the essence of his decision was based upon now "tainted doctrine." The Court of Appeals noted that four factors were considered: "The length of the delay, the reason for the delay, prejudice to the defendant, and waiver of the speedy trial right by the defendant." 445 F.2d at 255. The Court then determined that the appellant's argument that he suffered prejudice because of the death of one Aiello in November 1968 was without merit, since there was no evidence that Aiello would have exculpated the appellant had he lived to testify. As an additional factor the Court determined that "[F]urthermore, appellant's assertion must fall because he failed to move for a speedy trial" (445 F.2d at 256). Treating the motion for dismissal for lack of prosecution as not equivalent to a proper demand for a speedy trial, the Court also held that, in any event, appellant actually went to trial only six months after the motion, "a period not unreasonable in length" (445 F.2d at 256).

In *Barker, supra,* there was a more than five year delay between indictment and trial, and the order denying the writ of habeas corpus was affirmed largely on the ground of lack of serious prejudice. Here the petitioner was indicted in March 1967 and tried in October 1970, about three and a half years later. Here, too, the Court of Appeals found a lack of serious prejudice. In that sense, the rulings follow the same pattern, except that the Supreme Court expresses, perhaps, more flexibility than might appear from the Second Circuit opinion in DeMasi's case. The Supreme Court in *Barker, supra,* refused arbitrarily to presume waiver of a defendant's right to a speedy trial solely from his inaction (*Id.* 92 S.Ct. at 2188) and hence, rejected the rule that a defendant who fails to demand a speedy trial forever waives his right. The Court accepted the doctrine, however, that a defendant has some responsibility to assert a speedy trial claim (*Id.* at 2191). It finally came down to a balancing test in which Mr. Justice Powell mentioned almost the same four factors mentioned by Judge Waterman: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" 92 S.Ct. at 2192. The Court still emphasizes, however, that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial" (*Id.* at 2193).

In the *Barker* case the two counterbalancing factors whch tipped the scales for affirmance were first, that prejudice was minimal, and second, that Barker did not want a speedy trial.

Having read the briefs in the Court of Appeals which apparently presented all relevant matters of record I conclude that, under the *Barker* test, there was no violation of the petitioner's constitutional right to a speedy trial. And in the light of the complete record on appeal and the absence of any significant supplemental allegations there is no need for an evidentiary hearing.

Eliminating any rigid application of doctrine that makes the petitioner's failure to demand a speedy trial conclusive against him, I find that the delay was not undue since the Government was not taking advantage of the defendant but seeking in good faith to find another perpetrator of the crime. The petitioner sought no trial until some time in 1970. And the petitioner has failed to show serious prejudice from the death of Aiello in 1968.

In view of the contentions regarding the impact of the *Barker* decision, I have not only reviewed the matter under the Court of Appeals decision in this case, but also as *res nova* under the principles laid down by the Supreme Court as I understand them.

The motion is denied.

It is so ordered.